```
            UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM HARDY,                  : CIVIL NO: 1:11-CV-00457
                                :
          Plaintiff             :
                                : (Judge Caldwell)
     v.                         :
                                : (Magistrate Judge Smyser)
HARLEY LAPPIN, WILIAM SCISM,    :
DR. MILLER, DEBORA SPOTTS,      :
PA WEBER, PA TRUSAL, PA MORE,   :
PA MUSHLER and PA BROUNO,       :
                                :
          Defendants            :
```

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff is a federal prisoner at the Low Security Correctional Institution at Allenwood. In March of 2011, the plaintiff sent a letter to Magistrate Judge David J. Joel of the United States District Court for the Northern District of West Virginia. In the letter the plaintiff complained that he was not receiving proper medical attention for a lump on his leg. He characterized the lump as cancer and stated that the lump needs to be removed. He further stated that prison officials were keeping him in the Special Housing Unit while waiting for a medical bed to open up. He also stated that while in the Special Housing Unit he can not get his GED or

participate in the drug program.  The plaintiff's letter was docketed as a complaint in the United States District Court for the Northern District of West Virginia.

The case was transferred to this court on March 10, 2011.  The Clerk of Court issued an Administrative Order directing the plaintiff to pay the filing fee or file the proper forms to proceed *in forma pauperis*.  The plaintiff subsequently filed an application to proceed *in forma pauperis* and an authorization form to have funds deducted from his prison account to pay the filing fee.[1]

On March 30, 2011, the plaintiff filed an amended complaint using a form from the United States District Court for the Northern District of West Virginia.[2]

---

1. By a separate Order, we have granted the plaintiff's application to proceed *in forma pauperis*.

2. Along with this amended complaint, the plaintiff also filed *in forma pauperis* forms from the United States District Court for the Northern District of West Virginia.  The Clerk of Court docketed the amended complaint and *in forma pauperis* forms as "Attachment A & B by William Hardy."  Because the plaintiff's letter to Magistrate Judge Joel was construed as the complaint in this case, the complaint filed by the plaintiff on March 30, 2011 should be construed as an amended complaint.  By a separate Order, we have directed the Clerk of Court to correct the docket.

2

The amended complaint names as defendants: Harley Lappin, William Scism, Dr. Miller, AHSA[3] Debora Spotts, Physician's Assistant Weber, Physician's Assistant Trusal, Physician's Assistant More, Physician's Assistant Mushler and Physician's Assistant Brouno.

The plaintiff alleges that he told prison staff for months about his medical problem with his leg. But, he alleges, it was not until March 18, 2011 that he was taken to a hospital. The cancer was removed from his leg. He alleges that he is in a lot of pain following the surgery and that he is not receiving medication to control the pain. He was given Tylenol, but only for three days.

The plaintiff alleges that none of the physician assistants came to his cell to take him for a walk, to see whether he can walk, to see how bad his pain is or to ask him how he is feeling. He alleges that he told the Warden, Assistant Warden, Captain and Lieutenant about his leg. He

---

3. The plaintiff does not indicate what the initials AHSA stand for.

alleges that it hurts him to stand. He alleges that he was nonetheless written up for not standing at count.

The plaintiff claims that the defendants have violated the Eighth Amendment.

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts."

4

*Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

5

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915A which provides, in pertinent part:

> **(a) Screening**.- The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal**.- On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

6

The plaintiff's Eighth Amendment claim is a *Bivens*[4] claim. But the amended complaint fails to state a *Bivens* claim upon which relief may be granted.

Liability in a *Bivens* action may not be based on *respondeat superior*. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1948 (2009). "Liability based on *respondeat superior* arises 'solely on the basis of the existence of an employer-employee relationship,' regardless of whether the employer had any part in causing harm." *Santiago v. Warminster Twp.,* 629 F.3d 121, 128 (3d Cir. 2010)(quoting *Monell v. Dep't of Soc. Services of New York,* 436 U.S. 658, 692 (1978)). "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, *supra,* 129 S.Ct. at 1948. "[E]ach

---

4.  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). In *Bivens*, the Supreme Court recognized a private cause of action to recover damages against a federal agent for violations of constitutional rights. "A *Bivens* action, which is the federal equivalent of the [42 U.S.C.] § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris Inc.,* 250 F.3d 789, 800 (3d Cir. 2001).

Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.* at 1949.

The amended complaint does not contain allegations which lead to a reasonable inference the defendants Lappin, Miller or Spotts were personally involved in the events underlying the plaintiff's claim. The body of the amended complaint does not mention defendants Lappin, Miller or Spotts. The amended complaint fails to state a claim upon which relief may be granted against defendants Lappin, Miller or Spotts.

The amended complaint also fails to state a claim upon which relief may be granted against defendants Scism, Weber, Trusal, More, Mushler and Brouno.

"[T]he Eighth Amendment's prohibition against cruel and unusual punishment requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). In order for the plaintiff to state a viable Eighth Amendment medical care claim against a defendant he must allege that the defendant acted

8

with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976).

The concept of a serious medical need as that term is used in Eighth Amendment jurisprudence has two components, one relating to the consequences of a failure to treat and the other relating to the obviousness of those consequences. *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991). The condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death. *Id*. Also, the condition must be one that has been diagnosed by a doctor as requiring treatment or one that is so obvious that a lay person would easily recognize the need for a doctor's attention. *Id*.

Deliberate indifference is a subjective standard. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). "To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm." *Giles v. Kearney,* 571 F.3d 318, 330 (3d Cir. 2009). To act with deliberate indifference, the prison official must have known of the substantial risk of serious harm and must have disregarded

9

that risk by failing to take reasonable measures to abate it. *Farmer, supra,* 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Deliberate indifference may be found in a variety of circumstances including where a prison official knows of a prisoner's need for medical treatment but intentionally refuses to provide it, delays necessary medical treatment based on a non-medical reason, denies prescribed or recommended treatment or persists in a particular course of treatment "'in the face of resultant pain and risk of permanent injury.'" *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)(quoting *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990)).

"It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id.* "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle, supra,* 429 U.S. at 106. "While the distinction between deliberate indifference and malpractice can be subtle, it is well established that as

long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of medical problems of inmates.  Courts will "disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment." *Little v. Lycoming County*, 912 F.Supp. 809, 815 (M.D.Pa. 1996)(quoting *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979)).  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987)("Courts, determining what constitutes deliberate indifference, have consistently held that mere allegations of malpractice do not raise issues of constitutional import. . . . Nor does mere disagreement as to the proper medical treatment support a claim of an eighth amendment violation."); *White*, *supra,* 897 F.2d at 110 (mere

11

disagreement over proper treatment does not state a claim upon which relief can be granted).

A prison official is not deliberately indifferent simply because he or she failed to respond to a prisoner's medical complaints when the prisoner was already being treated by medical professionals. *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).  "Absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

The plaintiff alleges that none of the physician's assistants (defendants Weber, Trusal, More, Mushler and Brouno) came to his cell to take him for a walk, to see whether he can walk, to see how bad his pain is or to ask him how he is feeling.  Although the plaintiff alleges that he is in pain, he does not allege the nature of his wound from the surgery.  Nor does he allege whether, and if so how, the physician's assistants were aware of his pain.  Moreover, the plaintiff

12

received treatment for his pain. He received Tylenol for three days. The plaintiff's disagreement with the duration of time that he was given pain medication does not raise an inference of deliberate indifference. The plaintiff has not alleged facts from which it reasonably can be inferred that the physician's assistants knew of a substantial risk of serious harm to the plaintiff and disregarded that risk by failing to take reasonable measures to abate it. Thus, the amended complaint fails to state a claim upon which relief may be granted against defendants Weber, Trusal, More, Mushler and Brouno.

The plaintiff alleges that he told the Warden (defendant Scism) about his leg. But he has not alleged when he told the Warden about his leg (before or after the surgery) or what he told the Warden about his leg. Moreover, the plaintiff received medical treatment. He received surgery and some post-surgical pain medication. As previously stated, the plaintiff's disagreement with the duration of time he was given pain medication does not raise an inference of deliberate indifference. The plaintiff has not alleged facts from which it reasonably can be inferred that the Warden knew of a

substantial risk of serious harm to the plaintiff and disregarded that risk by failing to take reasonable measures to abate it.  Thus, the amended complaint fails to state a claim upon which relief may be granted against defendant Scism.

Before dismissing a complaint for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002).  In the instant case, we conclude that amendment would be futile.  The plaintiff complains about post-surgery pain following a March 18, 2011 surgical removal of a malignant leg tumor.  An invocation of the Eighth Amendment is not reasonably appropriate.  Proper pain management in a post-surgical context is debatable in the medical malpractice context, but not in the Eighth Amendment context.

IV.  Recommendations.

Based on the foregoing, it is recommended that the amended complaint be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated:  April 7, 2011.